IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | C.A. NO. C-06-288 |
| | § | |
| MARY ANN IRIGOYEN, | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT

### Background

Plaintiff United States of America seeks recovery from defendant for defaulting on three student loans guaranteed by the Department of Education (D.E. 1). Pending is the United States' motion for entry of default (D.E. 5). No answer or responsive pleading has been filed. It is respectfully recommended that the motion for entry of default be denied without prejudice because plaintiff failed to demonstrate effective service of process.

### Applicable Law

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend a lawsuit in federal court and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default. FED. R. CIV. P. 55(a). In plaintiff's affidavit of service the process server claims to have *personally* served the defendant by delivering a copy of the summons and complaint to Perry Hickman (D.E. 4). The Federal Rules of Civil Procedure require that the summons and complaint be delivered to the defendant personally. FED. R. CIV. P. 4(e)(2). Because the process server handed the documents to someone other than the defendant, personal service was not accomplished.

The next issue is whether the affidavit of service satisfies the rule on substituted service. The Federal Rules of Civil Procedure permit substitute service as follows:

> (2) . . . by leaving copies [of the summons and the complaint] thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of th complaint to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e)(2).

The affidavit fails to satisfy the federal rule for substitute service. The process server has not stated that 6001 Sharolyn Street in Corpus Christi is the defendant's dwelling and has not stated that Perry Hickman resides therein. Both the defendant and the recipient must reside at the service address. *Id.*; *Hardy v. Kaszycki & Sons Contractors, Inc.*, 842 F.Supp.713, 717 (S.D.N.Y. 1993) (citing *Franklin America, Inc. v. Franklin Cast Prods. Inc.,* 94 F.R.D. 645, 647 (E.D. Mich. 1982)). The process server also has not stated that Perry Hickman is a person of suitable age and discretion. Finally, the affidavit does not allege that Perry Hickman is an agent authorized by appointment or law to receive service of process on behalf of the plaintiff.

The federal rule on service of process is clear and easy to understand. Entry of default is a serious matter which can have wide-reaching consequences. "[M]ere notice is not a sufficient ground upon which a court can sustain the validity of service of process when Congress has established other definitive standards." *Berner v. Farny*, 11 F.R.D. 506 (D.N.J. 1951). The affidavit of service in this case failed to meet these definitive standards.

**RECOMMENDATION**

Based upon the foregoing, it is respectfully recommended that plaintiff's motion for entry of default (D.E. 5) be denied without prejudice, and that plaintiff be granted an additional 90 days to show proof of, or to complete, effective service of process.

Respectfully submitted this 5th day of October, 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (1996) (en banc).